IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MISTY METCALF, | CV 18-11-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| ONEOK, INC., | |
| Defendant. | |

Plaintiff Misty Metcalf ("Metcalf") brings this action and asserts a claim against ONEOK, Inc. for alleged violation of the Montana Wrongful Discharge from Employment Act ("WDEA"). Presently before the Court is ONEOK's motion for summary judgment, which has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B). (Doc. 20.) The motion is fully briefed and ripe for the Court's review. (Docs. 21, 25, 26.) Having considered the parties' arguments, and for the following reasons, the Court recommends ONEOK's motion be **GRANTED**.

## I.    FACTUAL BACKGROUND[1]

ONEOK is in the natural gas business, and is involved in connecting natural

---

[1] The factual background is taken from ONEOK's Statement of Undisputed Facts, filed pursuant to L.R. 56.1(a). (Doc. 22.) In her response, Metcalf did not file a Statement of Disputed Facts, as required by L.R. 56.1(b). Therefore, ONEOK's Statement of Undisputed Facts is deemed to be undisputed. L.R. 56.1(b)(2)(d).

gas supply basins with market centers.  (Doc. 22 at ¶1.)  In furtherance of its operations, ONEOK enters into "Enterprise Agreements" with right-of-way service entities.  *Id.* at ¶¶ 2-3.  The right-of-way companies provide services for ONEOK under their respective service agreements through the right-of-way companies' employees, agents, and contractors.  *Id.* at ¶ 3.  ONEOK receives invoices from the right-of-way companies for the services provided, and ONEOK remits payment through a direct deposit to the entities.

U.S. Land Professionals Inc. ("U.S. Land"), a Florida corporation, is one of the right-of-way companies that provides services to ONEOK's operations in Montana, North Dakota, and Wyoming.  *Id.* at ¶¶ 6-7.  Metcalf was an employee or independent contractor for U.S. Land and worked on ONEOK projects.  *Id.* at ¶ 10.  Metcalf also previously performed services on ONEOK projects for a different right-of-way company, Dakota Land Services, Inc.  *Id.* at ¶ 10.

Beginning in 2015, ONEOK's need for right-of-way services decreased.  *Id.* at ¶ 5.  It communicated its declining need for services to the right-of-way companies and reduced their services.  *Id.*  U.S. Land reduced its employee and contractor base accordingly, and it discontinued employing or contracting with Metcalf.  *Id.* at ¶¶ 11-12.  Metcalf filed the instant action on March 8, 2017, alleging ONEOK violated the WDEA.  (Doc. 7.)

///

2

## II.    STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Id*. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322-23. If the moving party fails to discharge this initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party must "go beyond the pleadings and by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The opposing party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient.") (citing *Anderson*, 477 U.S. at 252).

## III. DISCUSSION

In her complaint, Metcalf asserts that ONEOK violated the WDEA by discharging her without good cause. (Doc. 7 at ¶ 5.) Specifically, she argues that her discharge was wrongful because ONEOK did not have a reasonable, job-related reason for terminating her employment. Metcalf also contends that she entered an Independent Contractor Agreement with ONEOK that violated Montana's public policy and does not absolve ONEOK's violation of the WDEA.

4

At issue is whether the WDEA applies to Metcalf and ONEOK's relationship, and whether Metcalf has a viable claim for relief.  ONEOK disputes the WDEA's application because it contends it was not Metcalf's employer and therefore could not have discharged her.

The WDEA provides that a discharge is wrongful if:

(a) it was in retaliation for the employee's refusal to violate public policy or for reporting a of a violation of public policy;

(b) the discharge was not for good cause and the employee had completed the employer's probationary period of employment; or

(c) the employer violated the express provisions of its own written personnel policy.

Mont. Code Ann. § 39-2-904(1)(b).  The Act defines an "employee" as "a person who works for another for hire.  The term does not include a person who is an independent contractor."  Mont. Code Ann. § 39-2-903(3).  Thus, independent contractors are not eligible for the WDEA's protections and remedies.  *See Zier v. Hancock*, 189 P.3d 1193, 1196 (Mont. 2008) (determining the WDEA applies only where an employee, not an independent contractor, is discharged).

The central difference between an independent contractor and an employee is the level of control the alleged employer has over the individual's performance of service.  *Butler v. Domin*, 15 P.3d 1189, 1194 (Mont. 2000).  "An individual is an employee of another when that other has the right to control the details, methods, or means of accomplishing the individual's work."  *Id.*  Conversely, an

independent contractor is "free from control or direction over the performance of [her] own services, both under contract and in fact," and is "engaged in an independently established trade, occupation, profession, or business[.]"  Mont. Code Ann. § 39-71-417(4).  The Court considers four factors in determining whether an employer enjoys the right to control: "(1) direct evidence of right or exercise of control; (2) method of payment; (3) furnishing of equipment; and (4) right to fire."  *Butler*, 15 P.3d at 1194.

As the moving party without the ultimate burden of persuasion at trial, ONEOK has the initial burden of production on its motion for summary judgment. *Nissan Fire & Marine Ins. Co.*, *v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  ONEOK has carried its burden of production by producing affirmative evidence negating the employment element of Metcalf's wrongful discharge claim. ONEOK has submitted an affidavit stating that it hires independent contractors to perform right-of-way services; that the independent contractors are paid by direct deposit after submitting an invoice for services performed; and that Metcalf was an employee or contractor for one the entities retained to provide right-of-way services.  In short, ONEOK attests that Metcalf was not an employee of ONEOK during the relevant time period, and that ONEOK had no contractual relationship with Metcalf.

The burden thus shifts to Metcalf to establish that a genuine issue of material

fact exists regarding the status of her employment with ONEOK.  To carry her burden, Metcalf "may not rest upon the mere allegations or denials of [her] pleading, but must provide affidavits or other sources of evidence that set forth specific facts showing that there is a genuine issue for trial."  *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (internal quotations and citations omitted). Metcalf has failed to do so.

In her response, Metcalf simply argues ONEOK "controlled the manner, means, and method of production of all work" she produced.  (Doc. 25 at 2.)  She claims ONEOK controlled "workers [] hours of operation, and even the location of such offices."  (Doc. 25 at 2.)  Finally, she argues ONEOK "exercised, or was able to exercise supervisory control over all aspects of the operation, regardless of who may have been writing the paycheck."  (Doc. 25 at 4.)  But Metcalf makes these bare, conclusory allegations without the support of any affidavit, deposition, discovery response, or any other facts in the record.  (Doc. 25.)

Therefore, Metcalf's response fails to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 323-324 (internal citations omitted) (*See also*, *Gassaway v. Northwestern Mut. Life Ins. Co.*, 26 F.3d 957, 959 (9th Cir. 1994) (finding mere allegations or denials to be insufficient to avoid summary

judgment)).  Metcalf's allegations that ONEOK controlled the aspects of her work are conclusory and unsupported by evidence; they are therefore insufficient to establish a triable issue.

Additionally, L.R. 56.1(b) requires that "[a]ny party opposing a motion for summary judgment must file a Statement of Disputed Facts simultaneously with and separately from the response brief."  The Statement of Disputed Facts must address each of the moving parties' Statement of Undisputed Facts and state whether the fact is undisputed or disputed.  If any fact is disputed, the opposing party must "pinpoint cite to a specific pleading, deposition, answer to interrogatory, admission or affidavit before the court to oppose each fact."  L.R. 56.1(b)(1)(B).  The rule further provides that "[f]ailure to file a Statement of Disputed Facts will be deemed an admission that no material facts are in dispute."  L.R. 56.1(b)(2)(d).  The Local Rule finds support under Fed. R. Civ. P. 56(e)(2), which allows a court to "consider the fact undisputed for purposes of a [summary judgment] motion" if an opposing party "fails to address another party's assertion of fact as required by Rule 56(c)."  The Advisory Committee Notes recognize that this "approach reflects the 'deemed admitted' provisions of many local rules."  Fed. R. Civ. P. 56 Advisory Committee Notes (2010).  *See also*, *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013) (recognizing the validity of local rules which deem facts admitted for summary judgment purposes when not

properly opposed).

Here, Metcalf failed to file a Statement of Disputed Facts as required by

L.R. 56.1(b).  Metcalf's failure is therefore deemed an admission that no material

facts are in dispute, including the fact that she was not employed by ONEOK.  L.R.

56.1(d).  (Doc. 22 at ¶ 15.)  Therefore, ONEOK has negated an essential element

of Metcalf's claim under the WDEA, and it is entitled to judgment as a matter of

law.

## III.   CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that

ONEOK's Motion for Summary Judgment (Doc. 20) be **GRANTED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy

of the Findings and Recommendations of United States Magistrate Judge upon the

parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to

the findings and recommendations must be filed with the Clerk of Court and copies

served on opposing counsel within fourteen (14) days after service hereof, or

objection is waived.

**IT IS ORDERED**.

DATED this 12th day of June, 2019.

_____

TIMOTHY J. CAVAN
United States Magistrate Judge

9